190 N.J. Super. 645 (1983)
464 A.2d 1219
DOROTHY WALUSHEN, PLAINTIFF,
v.
CHARLES MAFFEY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
June 27, 1983.
*646 Leonard Bzura for plaintiff (Forman, Forman, Cardonsky, Andril & Bzura, attorneys).
John Burke for defendants (Lieb, Berlin & Kaplan, attorneys).
GRIFFIN, J.S.C.
The issue presented is whether a commercial tenant, as opposed to the owner, has a duty to maintain the abutting public sidewalk in order to protect non-invitee pedestrians. This court holds that no such duty exists.
Plaintiff Dorothy Walushen fell on the public sidewalk in front of Globe Cleaners. She was not a patron of Globe, a commercial tenant. Plaintiff instituted suit against both the owner of the building and Globe. The lease between the owner and the tenant was not presented to the court, and the contractual obligation between these parties is not an issue in this case. Globe brought a motion to dismiss plaintiff's complaint.
Under the common law "owners or occupants are under no duty to keep in repair sidewalks in front of the premises owned or occupied by them." Lindemann v. F.W. Woolworth Co., 123 N.J.L. 208, 210 (E. & A. 1939). However, in 1981 our Supreme Court held "that a plaintiff has a cause of action against a commercial property owner for injuries sustained on a deteriorated sidewalk abutting that commercial property when that owner negligently fails to maintain the sidewalk in reasonably good condition." Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 149 (1981).
In Stewart plaintiff, a patron of a commercial tenant, slipped and fell on the sidewalk in front of the next door vacant lot. Both the lot and the tenant's building were owned by the same company. The court concluded that the common law "of sidewalk liability, at least with respect to abutting commercial property owners, is anachronistic and produces harsh and unfair results." Id. at 150. "The duty to maintain abutting sidewalks that we impose today is confined to owners of commercial *647 property." Id. at 159. Therefore, the law is clear that in our case the property owner has a duty to maintain a public sidewalk abutting his property.
However, one recent case has held a tenant liable for a pedestrian fall on an abutting sidewalk. In Jackson v. K-Mart Corp., 182 N.J. Super. 645 (Law Div. 1981) Judge Haines held that K-Mart, a tenant, was liable for plaintiff's injury sustained by a fall on snow and ice on the sidewalk connecting the store to the parking lot. Plaintiff was a K-Mart patron and thus was a business invitee of the tenant. K-Mart was apparently the sole tenant. The sidewalk was "a direct route between tenant's store and the parking lot used by its business invitees." Id. at 650. The court stated:
... when the operator of a commercial establishment enjoys the benefits of a sidewalk by permitting a substantial number of business invitees to use it as a route to and from his business premises, he must take reasonable measures to keep that sidewalk free of hazards. If the operator is a tenant, his liability is concurrent with that of the property owner. [at 650-651]
Apparently a public sidewalk was not involved in Jackson. The sidewalk, together with the parking lot, was owned by K-Mart's landlord. Also, the accident resulted from ice and snow conditions, not a defective sidewalk.
The doctrine of Stewart should not be extended to tenants. It is one thing to impose a maintenance obligation on an abutting landowner, but quite another to impose the same obligation on a tenant. While an abutting commercial landowner has, under Stewart, an obligation to keep the abutting sidewalk in repair, a tenant probably does not have the right, much less the obligation, to do so. The owner may want an attractive flagstone or brick sidewalk. The tenant has no right to cover it with a slab of concrete so as to avoid minor indentations or defects  or even major ones.
Suppose the tenant is occupying on a month to month basis, should he be obligated to make a substantial capital improvement to protect a member of the public who happens to walk on his side of the street?
*648 Assume the first floor tenant has very few on premises customers. Its business is conducted by mail or outside salesmen, but the third floor tenant has hundreds of customers every day. Assume there are 15 tenants in the building. Must plaintiff join them all?
In the present case there were tenants on the upper floor of the building, but they were not made parties.
It is the opinion of this court that a commercial tenant owes no duty to the general public to maintain a public sidewalk. Defendant Globe Cleaner's motion to dismiss plaintiff's complaint as to it is granted.