244 N.J. Super. 144 (1990)
581 A.2d 913
THOMAS BARROWS AND ABIGAIL BARROWS, PLAINTIFFS,
v.
TRUSTEES OF PRINCETON UNIVERSITY, VILLAGE ONE ASSOCIATES LIMITED PARTNERSHIP, FORRESTAL VILLAGE ASSOCIATES, TOOMBS NJ, INC., ROOTS, INC., LAVAKE'S, AND JOHN DOE (A FICTITIOUS NAME), WOODBRIDGE STEREO AND WOODEN NICKEL, DEFENDANTS.
Superior Court of New Jersey, Law Division Mercer County.
Decided July 9, 1990.
*145 Alexander F. McGimpsey for plaintiffs (McGimpsey & Cafferty, attorneys).
Kevin B. Riordan for defendants Trustees of Princeton University, Village One Assocs., Forrestal Village Assocs., and Toombs NJ, Inc. (Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys).
William A. Garrigle for defendant Roots, Inc. (Garrigle & Palm, attorneys).
*146 Nicholas R. Buttafuoco for defendant LaVake's (Buttafuoco, Karpf & Ance, attorneys).
Rodd D. DeWitt for defendant Woodbridge Stereo (Knapp & Blejwas, attorneys).
Kimberly A. Kitterman for defendant Wooden Nickel (Slimm, Dash & Goldberg, attorneys).
DELEHEY, J.S.C.
In Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 432 A.2d 881 (1981), the Supreme Court departed from the traditional "no liability" rule, which imposed no duty on abutting landowners for maintenance or repair of sidewalks, and declared that commercial landowners are responsible for maintaining, in a reasonably good condition, sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so.
Subsequently, in Antenucci v. Mr. Nick's Mens Sportswear, 212 N.J. Super. 124, 514 A.2d 75 (App.Div. 1986), the Stewart doctrine was extended to a commercial tenant in exclusive possession of a premises abutting a sidewalk. However, the Antenucci court declined to address the duty of a commercial tenant in a multi-tenanted complex, the precise issue with which this court is now confronted.
The facts are these. On January 6, 1988, plaintiff Thomas Barrows, drove to Forrestal Village, a multi-tenant shopping complex owned by defendants Trustees of Princeton University (Forrestal Village). Plaintiff entered the mall, purchased an item at the Wooden Nickel and then placed the item in his automobile in the mall's common parking lot. He then returned to the mall where he entered Woodbridge Stereo, purchasing nothing there. From Woodbridge Stereo he proceeded to another area of the mall where he window shopped in front of two other stores, Roots and Lavake's. While walking on the sidewalk in front of Lavake's he slipped on a patch of ice and sustained personal injury. Accumulations of ice on the sidewalk had previously been noted by Roots' employees and had been reported to Forrestal Village's managing agent.
*147 Plaintiff contends that the ice on the common walkway between the mall's various stores formed when an accumulation of snow on the awning of Lavake's melted, fell to the common walkway and created an ice patch.
Plaintiff charges all defendants with maintenance of a nuisance and negligent maintenance of the sidewalk.
Defendants deny negligence and assert against each other crossclaims for contribution and common law indemnification.
Now before this court on motions for summary judgment is this issue: what is the duty of a commercial tenant in a multi-tenant shopping complex for maintenance and repair of a common walkway?
For those who seek assurance in ancient opinions, pre-Stewart decisions will provide no comfort for the legal soul. The common law, almost by definition, is dynamic and designed to reflect rules of law that respond to contemporary problems. So it could be expected that, as the obligation for maintenance of sidewalks shifted from municipalities to abutting landowners, and as the small shops on Main Street gave way to tenancies in large shopping malls, the rules of law governing maintenance of sidewalks would also change. Significantly, Stewart, supra, noted that "the conditions which gave rise to the no liability rule for abutting landowners have changed [and, thus,] excessive weight should not be given to prior cases upholding the rule." 87 N.J. at 158, 432 A.2d 881.
Because of Stewart's directive to examine the law anew, our courts have sought to redefine rules governing common walkway tort liability. Two Law Division cases, not specifically relied upon here, are worthy of note. The first, Jackson v. K-Mart Corp., 182 N.J. Super. 645, 442 A.2d 1087 (Law Div. 1981), held that a commercial tenant in exclusive possession is required to maintain free of snow and ice a sidewalk used for ingress and egress  a holding later adopted by Antenucci, supra. The second, Walushen v. Maffey, 190 N.J. Super. 645, 464 A.2d 1219 (Law Div. 1983), held that a commercial tenant, as opposed to an owner, has no duty to maintain an abutting *148 sidewalk in order to protect the general public  an opinion partially disapproved by Antenucci.
Stewart and Antenucci make it abundantly clear that our courts are embarking upon a complete re-examination of sidewalk liability law. In Stewart and in its offspring, Antenucci, there are common genes of commerce and control which determine upon whom the extended duties of care must rest. Stewart speaks of commercial owners, Antenucci of commercial tenants in exclusive control. Stewart declined to decide whether its holding should apply to residential owners, and Antenucci declined to decide whether its holding applied to multiple tenants in a mall.
Thus, from both Stewart and Antenucci emerge the following criteria for imposition of a walkway duty upon a landowner or a tenant:
(1) the accident or injury must occur on a walkway abutting a commercial enterprise;
(2) the walkway must either be in an unreasonable state of deterioration or contain a hazard, such as ice or snow, in the path of egress or ingress;
(3) landlords and tenants in exclusive possession are deemed to have control of the walkway.
Because tenants in a multi-tenant shopping mall will not, absent a contractual obligation, have control or maintenance responsibilities for common walkways or sidewalks, this court concludes that the duties imposed by Stewart and Antenucci do not extend to tenants in multi-tenant shopping complexes.
Here, in addition to a lack of control over the common areas, defendants, Wooden Nickel, Woodbridge Stereo, and Roots, were not possessors of stores abutting the walkway where plaintiff fell. The walkway not abutting their stores and defendants not having control over it, they are entitled to judgment as a matter of law.
LaVake's potential liability does not rest upon the holdings of Stewart, supra, and Antenucci, supra, but upon common law principles of negligence. LaVake's had control over the awning upon which snow had accumulated. Allegedly, it *149 was aware or should have been aware that accumulated snow on the awning would melt, fall to the walkway and freeze. A finder of fact may well conclude that the conduct of LaVake's constituted negligence resulting in injury to plaintiff. LaVake's motion for summary judgment is therefore denied.