280 N.J. Super. 234 (1995)
655 A.2d 82
JOSE VASQUEZ, PLAINTIFF-APPELLANT,
v.
MANSOL REALTY ASSOCIATES, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 11, 1995.
Decided March 10, 1995.
*235 Before Judges KING, D'ANNUNZIO and EICHEN.
Bross, Strickland, Cary, Grossman & Icaza, P.A., attorneys for appellant (Robert R. Cary, on the brief).
Sellar, Richardson, Stuart & Chisholm, P.C., attorneys for respondent (John B. D'Alessandro, on the brief).
The opinion of the court was delivered by EICHEN, J.S.C. (temporarily assigned).
This appeal involves the claimed liability of the owner of commercial premises for injuries sustained by plaintiff who fell on an abutting sidewalk due to natural accumulations of snow and ice. The owner, through a written lease, had surrendered exclusive possession and control of the demised premises to its tenant who had agreed to maintain the sidewalk in a safe condition, including keeping it free and clear of snow and ice.
The issue was decided on defendant's successful motion for summary judgment. Defendant, Mansol Realty Associates, Inc., is the owner of an office building located at 140 Little Street in Belleville. Plaintiff, Jose Vasquez, was employed by Mansol Industries, the exclusive tenant in the building. On January 17, 1991 at 7:30 a.m. as plaintiff was entering the building to start work, he slipped and fell on an accumulation of snow and ice on the abutting public sidewalk and injured his back. Plaintiff filed a workers' compensation claim against his employer, the tenant, and commenced this action against defendant, the owner of the building.
On the motion for summary judgment, defendant argued that it had no duty to maintain the sidewalk based upon its written lease agreement with the tenant and could not be liable to plaintiff. The lease provided in pertinent part as follows:

*236 The Lessee [Mansol Industries] shall keep the sidewalks and roadways, if any, forming part of the Demised Premises clean and free of obstructions, snow and ice....
* * * * * * * *
The lease also included an indemnification provision in which the tenant agreed to hold defendant harmless from all claims arising from any condition created in or about the demised premises during the term of the lease and required the tenant to provide general comprehensive liability insurance in favor of defendant. We understand the tenant has undertaken to defend the owner in this litigation pursuant to the terms of the lease.
The motion judge found the lease agreement between defendant and the tenant valid and concluded because the tenant had assumed responsibility for removal of snow and ice from the abutting sidewalk under the lease, defendant was absolved of liability. The judge also concluded defendant was absolved of responsibility because it had relinquished exclusive possession and control of the demised premises to the tenant, relying on Milacci v. Mato Realty Co., Inc., 217 N.J. Super. 297, 525 A.2d 1120 (App.Div. 1987). We disagree and reverse.
In Milacci, plaintiffs, husband and wife, brought an action against the State of New Jersey, the lessee of the demised premises, the building owner, and the State's custodial service after the wife fell on an accumulation of sand and dirt on the floor in the State unemployment office as she was leaving the building. Id. at 299, 525 A.2d 1120. There we said the defendant landowner had no duty to maintain the demised premises because it was in the exclusive possession and control of the tenant who had a duty to maintain it in a condition free from accumulations of sand and dirt. Id. at 301, 525 A.2d 1120.
In Marzotto v. Gay Garment Co., 11 N.J. Super. 368, 78 A.2d 394 (App.Div.), aff'd 7 N.J. 116, 80 A.2d 554 (1951), we reached the same conclusion in deciding a landowner was not liable to a passerby injured by a pane of glass which fell from a third-floor window as she stood on the sidewalk in front of the demised *237 premises. This was because the owner, by lease, had vested the tenant with the exclusive possession of the premises, thereby depriving itself of the power of entry to make the necessary repairs. Id., 11 N.J. Super. at 372, 78 A.2d 394.
A commercial landowner has a well-established duty to maintain an abutting sidewalk in reasonably good condition. Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 432 A.2d 881 (1981). The Stewart rule was extended to include a commercial tenant in exclusive possession of commercial premises abutting a public sidewalk. Antenucci v. Mr. Nick's Mens Sportswear, 212 N.J. Super., 124, 128, 514 A.2d 75 (App.Div. 1986). This duty to maintain an abutting public sidewalk was extended to include removal of snow and ice in Mirza v. Filmore Corp., 92 N.J. 390, 456 A.2d 518 (1983). There the Supreme Court observed, "the cardinal principle of Stewart ... [to be] `the right of the public to safe and unimpeded passage along the sidewalk.'" Id. at 397, 456 A.2d 518.
The public should not be deprived of this right because a landowner chooses to relieve itself contractually of its obligation to maintain the public sidewalk in a safe condition by simply transferring that responsibility to its tenant. This is not a situation where the owner has vested a tenant with exclusive possession and no longer has the power of entry into the premises to make repairs. In such case, to hold the owner liable for injuries to a passerby due to a condition of disrepair over which it has relinquished access is unfair. The same, however, cannot be said about a public sidewalk. Allocating the responsibility for snow and ice removal to the tenant by contract does not absolve the landowner of the obligation to provide "safe and unimpeded passage along the sidewalk" to the public. This responsibility constitutes a non-delegable duty. Should the tenant fail to carry out its duty to maintain the sidewalk in a reasonably safe condition, the landowner has assumed that risk, not the travelling public, and recourse is available to an innocent, injured third party against the landowner.
*238 The sole effect of a lease provision requiring the tenant to maintain the sidewalk free of the hazard of snow and ice accumulations is to allocate the cost between the landowner and the tenant. That allocation cannot absolve either the landlord or the tenant from liability to innocent third parties. See Jackson v. K-Mart Corp., 182 N.J. Super. 645, 651, 442 A.2d 1087 (Law Div. 1981), relying on McKeown v. King, 99 N.J.L. 251, 255, 122 A. 753 (E. & A. 1923). This conclusion is not inconsistent with our holding in Antenucci. There we extended the landowner's duty to maintain an abutting sidewalk in reasonably good condition to a commercial tenant where the tenant was in exclusive possession of the premises abutting the sidewalk. We did not, in so doing, absolve the landowner from liability.
We conclude that a commercial landowner is liable to an innocent third party injured as the result of the negligent failure of its tenant to exercise due care in removing or reducing the hazard of snow and ice accumulations on an abutting public sidewalk, even though the landowner has allocated that responsibility by contract to its tenant. If the tenant fails to meet its obligation, the landowner assumes the risk of liability to the injured party. Because of the policy considerations expressed in Stewart, we find that a lease provision concerning maintenance and repair of a public sidewalk cannot alter this obligation.
Reversed and remanded.