281 N.J. Super. 34 (1995)
656 A.2d 453
THERESA WASSERMAN AND WILLIAM T. WASSERMAN, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
W.R. GRACE & CO.; W.R. GRACE & CO. DAVISON CHEMICAL DIVISION; DAVISON CHEMICALS DIVISION, W.R. GRACE & CO. DEFENDANT-APPELLANT, AND THOMAS B. WIELICZKO, INDIVIDUALLY AND AS EMPLOYEE, AGENT, OR REPRESENTATIVE OF DAVISON CHEMICALS DIVISION, W.R. GRACE & CO.; KATHLEEN WIELICZKO; AND JOHN DOES I TO XXX (FICTITIOUS NAMES OF PERSONS OR ORGANIZATIONS MORE FULLY DESCRIBED HEREIN); JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS/CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1995.
Decided April 18, 1995.
*35 Before Judges BRODY, LONG and P.G. LEVY.
Frank A. Lattal argued the cause for appellant (Connell, Foley & Geiser, attorneys; Mr. Lattal, on the brief).
*36 Randi S. Greenberg argued the cause for cross-appellants (Robert A. Auerbach, attorney; Ms. Greenberg, of counsel and on the brief).
William J. Cook argued the cause for respondents (Brown & Connery, attorneys; Mr. Cook, on the brief).
The opinion of the court was delivered by PAUL G. LEVY, J.A.D.
We are asked to expand the definition of a commercial premises to include the residence of a salesperson who used one room as a business office. A defective sidewalk in front of this residence allegedly caused injuries sustained by plaintiff. Plaintiff named the salesperson and his employer as defendants. We decline to expand that definition, and reverse the denial of the employer's motion for summary judgment.
The matter was presented to the motion judge by a motion for summary judgment by defendant W.R. Grace & Co. and a cross-motion for partial summary judgment as to liability by plaintiffs against Grace and co-defendant Thomas Wieliczko as employee and representative of Grace.[1] There were no contested material fact issues, and the judge ordered partial summary judgment for plaintiff and denied Grace's cross-motion. On appeal, we are guided by the same standard as was the motion judge: because there are no material questions of fact, we need only ascertain whether the award of summary judgment was correct as a matter of law. R. 4:46-2.
Plaintiff was injured when she fell on a sidewalk abutting the Wieliczko residence in Cherry Hill. Mr. and Mrs. Wieliczko own and live in a four bedroom house located in a typical residential neighborhood. Mr. Wieliczko is employed by the Davison Division *37 of W.R. Grace & Co. as a senior sales representative. He uses one bedroom of the home as a business office, in which are located a desk, bookcase, fax machine, computer equipment, file cabinets and telephone. Wielczko sees no customers at his home, and all products he sells are shipped from another location. His business card states his title, his product line (Fluid Cracking Catalysts) and the company's name. The company's address is stated as 103 Warfield Road, Cherry Hill  the residence  with a telephone number, a fax number and a 24 hour voice mail number. Grace neither owns nor has a possessory interest in the premises, and it does not reimburse its employee for the use of the office space. It does, however, reimburse Wieliczko for business expenses, including the telephone used in his office. In the white pages of two local telephone directories, the telephone is listed for Davison Chemicals Division W.R. Grace, cross-referenced as a business line. Wieliczko made more than 1,100 telephone calls during the nine months between October 1992 and June 1993, and generated millions of dollars of sales for Grace, on the order of $17 to $35 million annually.
The motion judge recognized that the space used for Wieliczko's home office was de minimus compared to its predominant use as a personal residence. However, influenced by the text of the business card, the volume of sales and the extensive use of the dedicated telephone, the judge determined:
W.R. Grace has a substantial presence at 103 Warfield Road, ... they benefit immeasurably from the business that's generated by the use of that telephone and the contracts that are made.
Acknowledging that Grace had no legal possessory interest in the sense that it was neither an owner nor a tenant, he found:
W.R. Grace hold themselves out as being here. They're inviting the public to come here. Business is being conducted from here. They know about it. They are paying for it. They're taking a benefit from it. Customers, as I suggested, can come there because there's nothing in any of the advertisements or cards to indicate they can't.... W.R. Grace couldn't be there anymore than they are. I can visualize many, many situations where a person might be a tenant and never have the magnitude of the presence which W.R. Grace has here. So that's why the motion for summary judgment is denied.
*38 The law is clear. Residential property owners are immune from sidewalk liability. Liptak v. Frank, 206 N.J. Super. 336, 338-39, 502 A.2d 1147 (App.Div. 1985), certif. denied 103 N.J. 471, 511 A.2d 652 (1986). However, liability is imposed on the owners or tenants in control of commercial property abutting the sidewalk. Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157, 432 A.2d 881 (1981); Antenucci v. Mr. Nick's Mens Sportswear, 212 N.J. Super. 124, 129, 514 A.2d 75 (App.Div. 1986).
Thus, it is important to determine whether the status of Wieliczko's home is residential or commercial. A commercial landowner's liability for sidewalk neglect was first established in Stewart, where the Court stated:
As for the determination of which properties will be covered by the rule we adopt today, commonly accepted definitions of "commercial" and "residential" property should apply, with difficult cases to be decided as they arise.
[87 N.J. at 160, 432 A.2d 881.]
Based upon commonly accepted definitions, Wieliczko's home at 103 Warfield Road is a residence. Wieliczko, who does not own or run a business of any sort, is an employee like many other individuals who work, own homes and do much of their office work at home. This has become so popular that it has spawned a new form of employment  telecommuting. It is now common for employers to economize on workspace and have part of their staff work at the company headquarters and part at home, with the schedule varying from day to day. See e.g., Diamond v. T. Rowe Price Associates, Inc., 852 F. Supp. 372, 410 (D.Md. 1994).
The judge held that by issuing business cards and having a phone listing, Grace invited the business community to 103 Warfield Road. That circumstance is not supported by the facts in the record, and is not fairly inferred. However, even if it is assumed that the people to whom Wieliczko gave business cards have been invited to the premises for a business purpose, that still does not convert this property, whose primary function is residential, into a commercial property. It merely changes the status of those individuals visiting the property from social guests to business invitees. See Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 625 *39 A.2d 1110 (1993) (slip and fall plaintiff who attended open house tour given by a real estate broker was deemed an invitee, and as such was owed a duty by the broker to be warned of safety hazards).
The determination of residential versus commercial status cannot be based upon profit alone, or else the status of the property would depend on the vagaries of the marketplace. In the circumstance of hybrid use, when the owner's occupancy, in terms of time or space, is greater than or equal to the rental occupancy, the property shall be considered residential regardless of whether the rental space generates a profit. Avallone v. Mortimer, 252 N.J. Super. 434, 437-38, 599 A.2d 1304 (App.Div. 1991).
Therefore, the determination of status should focus on use rather than profit. We conclude the predominant use of the premises was residential. Grace was entitled to summary judgment as a matter of law.
Reversed. Cross-appeal dismissed.
NOTES
[1] The judge rejected the attempt by Mr. and Mrs. Wieliczko, as individual defendants, to join Grace's motion as untimely. Accordingly we dismiss their cross-appeal. The order granting their motion for leave to cross-appeal was improvident.