**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5649-16T1

MARY T. MASTRANGELO,

    Plaintiff-Appellant,

v.

VERIZON NEW JERSEY, INC.,
SUNIL KHANNA, MD, LLC, d/b/a
"METUCHEN CARDIOLOGY",
and DR. SUNIL KHANNA,
individually,

    Defendants,

and

KHANNA REALTY HOLDINGS,
LLC,

    Defendant-Respondent.

_____

Argued September 21, 2018 – Decided April 15, 2019

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-1481-15.

Andrew S. Prince argued the cause for appellant (Tobin Kessler Greenstein Caruso Wiener & Konray, PC, attorneys; Andrew S. Prince, of counsel and on the brief; Randi S. Greenberg, on the brief).

Gina M. Kourtesis argued the cause for respondent (Law Offices of William E. Staehle, attorneys; Gina M. Kourtesis, on the brief).

PER CURIAM

Plaintiff, Mary T. Mastrangelo, appeals from the May 17, 2017 order of the Law Division granting summary judgment in favor of defendant Khanna Realty Holdings, LLC (Khanna Realty) in this premises liability action, and the June 23, 2017 order denying her motion for reconsideration. We affirm.

I.

Mastrangelo was an employee of Sunil Khanna MD, LLC which was doing business as Metuchen Cardiology (Metuchen Cardiology). She worked as a receptionist at an office building owned by Khanna Realty. Dr. Sunil Khanna is the sole owner of both Metuchen Cardiology and Khanna Realty.

On October 20, 2005, Khanna Realty entered into a triple net lease of the building with Metuchen Cardiology. The lease provides that the property is "completely assigned to" Metuchen Cardiology, which is the sole tenant and occupies the entire structure. The lease provides that Metuchen Cardiology leased the property "as is," and is required to "take good care of the Premises

2

and . . . maintain them in good condition and state of repair." The lease gives Khanna Realty no duty or control with respect to the inspection, repair, or maintenance of the leased premises. Alterations, additions, and improvements to the property undertaken by Metuchen Cardiology are subject to the written approval of Khanna Realty. The lease provides that Khanna Realty is not responsible for any damage to any person arising from any defect in the building.

There is a hatch in the floor of the kitchen area of the building, which was present at the time Khanna Realty purchased the property. The hatch is covered by a door, which, when removed, provides access to the basement. Khanna Realty made no changes to the hatch after it purchased the building, apart from changing the tiles on the door covering the hatch to match nearby flooring. In 2014, Metuchen Cardiology's officer manager fell through the hatch when its door was removed while a heating technician was in the basement. No changes to the hatch were made after that incident.

On January 28, 2015, an employee of defendant Verizon New Jersey, Inc. (Verizon) arrived at the building to inspect equipment in the basement. Mastrangelo directed the employee to the office manager, who gave him access to the hatch. He removed the door and passed through the hatch. Mastrangelo

thereafter walked to the kitchen, stepped into the hatch, and fell to the basement. She sustained a fractured ankle, foot, and sternum, and neck and back injuries.

On April 27, 2015, Mastrangelo filed a complaint in the Law Division against Verizon and Khanna Realty. She alleged the negligence of Verizon's employee and Khanna Realty's negligent repair, service, or maintenance of the hatch caused her injuries. On September 22, 2016, Mastrangelo filed an amended complaint, adding Metuchen Cardiology and Dr. Khanna as defendants, alleging similar claims.[1]

On March 29, 2017, Khanna Realty filed a motion for summary judgment, arguing that it had no duty to inspect, repair, or maintain the building, and, therefore, owed no duty to Mastrangelo. Mastrangelo opposed the motion, arguing that Dr. Khanna's common ownership of Khanna Realty and Metuchen Cardiology negated the provisions of the lease insulating Khanna Realty from responsibility for the inspection, repair, and maintenance of the building. In addition, she argued that the hatch is a design defect Khanna Realty had a duty to repair, regardless of the terms of the lease.

On May 17, 2017, the Hon. Mark P. Ciarrocca issued a comprehensive written opinion granting Khanna Realty's motion. The judge concluded that

---

[1] Mastrangelo dismissed her claims against all defendants but Khanna Realty.

Khanna Realty and Metuchen Cardiology were distinct entities that executed a lease with an "effective delegation of duties between landlord and tenant in which the tenant retained control over the subject property." In addition, the court found no genuine dispute of material fact with respect to the tenant having taken exclusive control of the inspection, repair, and maintenance of the building. As a result, the court concluded Khanna Realty did not owe a duty to Mastrangelo with respect to condition or use of the hatch.

Judge Ciarrocca also found Mastrangelo's argument that the hatch is a structural design defect to be a "bare conclusion made without any credible support." The judge also concluded it was undisputed that the hatch existed at the time Khanna Realty purchased the property, and that Khanna Realty played no role in the construction or design of the hatch. Finally, the judge found that the provision of the lease requiring Khanna Realty's written approval for alterations, additions, and improvements to the property did not vest control of the property in Khanna Realty, or create a duty with respect to the hatch.

On May 31, 2017, Mastrangelo moved for reconsideration. On June 23, 2017, Judge Ciarrocca denied the motion, finding Mastrangelo identified no new evidence or mistakes of law warranting reconsideration.

A-5649-16T1

This appeal followed. Mastrangelo argues that the judge erred: (1) in his interpretation of the lease as relieving Khanna Realty of any duty to inspect, maintain, or repair the building; and (2) by overlooking an expert report submitted by Mastrangelo opining that the hatch is a design defect that violates building code provisions, which Khanna Realty had a duty to remedy.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

Assertions that are unsupported by evidence "[are] insufficient to create a genuine issue of material fact." Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015) (alteration in original) (quoting Heyert v. Taddese 431 N.J. Super 388, 414 (App. Div. 2013)). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill, 142 N.J. at 523.

In order to establish a prima facie case of negligence a plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. Filipowicz v. Diletto, 350 N.J. Super. 552, 558 (App. Div. 2002). "Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993). Courts should consider "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed

7

solution." Ibid. Generally, when a landlord relinquishes exclusive possession and control of property to a tenant in a lease, the landlord is insulated from tort liability arising from the maintenance of the property. See Vasquez v. Mansol Realty Assocs., Inc., 280 N.J. Super. 234, 236-37 (App. Div. 1995).

Having carefully reviewed Mastrangelo's arguments in light of the record and applicable legal principles, we affirm the May 17, 2017 order for the reasons stated by Judge Ciarrocca in his thorough and well-reasoned written opinion. The record supports the judge's determination that Khanna Realty had no duty to inspect, repair, or maintain the building at which Mastrangelo was injured. The lease delegating those responsibilities to Metuchen Cardiology was a valid contract between distinct entities and the tenant took full control of the premises.

In addition, the judge properly rejected Mastrangelo's argument that the holding in Geringer v. Hartz Mountain Dev. Corp., 388 N.J. Super. 392, 400-02 (App. Div. 2006), makes Khanna Realty responsible for the design of the hatch. The facts before us in Geringer differ in crucial respects from those presented here. The landlord in Geringer was actively involved in overseeing, approving, and inspecting the design and construction of a staircase on which the tenant's employee was injured because of a design defect. 388 N.J. Super. at 402-03. By contrast, the hatch into which Mastrangelo fell existed at the time Khanna

Realty purchased the building and was in no way changed before her injury. Thus, even if Mastrangelo could prove through expert testimony that the hatch is defectively designed, Khanna Realty would have no duty to undertake repairs.

We also affirm the June 23, 2017 order denying reconsideration. "A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

Judge Ciarrocca correctly determined Mastrangelo did not establish that the May 17, 2017 order was decided on a palpably incorrect or irrational basis. Nor did Mastrangelo present new or additional evidence not available to her prior to entry of the May 17, 2017 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5649-16T1