**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1111-19

QUINISHA WHITE,

    Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK,

    Defendant,

and

MAGYAR REFORMED CHURCH,

    Defendant-Respondent.

_____

               Submitted January 27, 2021 – Decided March 2, 2021

               Before Judges Whipple and Rose.

               On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3854-17.

               Rebenack, Aronow & Mascolo, LLP, attorneys for appellant (J. Silvio Mascolo, of counsel and on the briefs).

Methfessel & Werbel, Esqs., attorneys for respondent (Sarah K. Delahant, of counsel and on the brief).

PER CURIAM

Plaintiff Quinisha White appeals from the June 21, 2019, entry of summary judgment granted in favor of defendant Magyar Reformed Church (Magyar). We reverse and remand for further proceedings.

On the morning of August 1, 2016, plaintiff fell in front of a commercial property in New Brunswick while walking from her house to a car in the street. Plaintiff stepped into the grassy area between the sidewalk and the curb on an uneven decline right before the curb, causing her to lose her balance. This prompted her to extend her left foot to balance on the curb, but that portion of the curb was missing. She suffered a broken ankle, which required two surgeries. Plaintiff brought suit against Magyar and the City of New Brunswick (the City).

The property in question is owned and operated as a commercial rental property by defendant, Magyar. The street curb is owned by the City.[1] Magyar's property manager conducted inspections of the exterior of the property every other month. A member of Magyar would cut the grass— including the grassy area between the sidewalk and the curb (the grassy

---

[1] The City settled plaintiff's claim and thus is not part of this appeal.

berm)—every two weeks, depending on the weather. The record does not establish who owns the grassy berm. There was an alternative option for pedestrian egress, a driveway, immediately nearby.

Both defendants filed motions for summary judgment which were heard on June 21, 2019. The court granted judgment for Magyar after determining no issue of material fact existed as to what caused plaintiff to fall. The judge stated:

> But the slope—that's really not something you can do . . . anything about and the hole . . . that does appear to be—I read over the plaintiff's deposition transcript a couple of times. I read it the other night, I just read it again now and that does not appear to have played any part in—her fall.
>
> She lost her balance and went to go step to where there should be a curb and there was no curb and that's how she fell. . . . [T]hose were her words.
>
> So it is apparent by all the facts that . . . are undisputed that this accident was caused by a missing piece of curb.
>
> . . . .
>
> I also have to agree with counsel for [Magyar] that the [Bedell[2]] case does not apply. If—at least in this particular instance, the plaintiff testified she went

---

[2] Bedell v. Saint Joseph's Carpenter Soc'y, 367 N.J. Super. 515 (App. Div. 2004).

A-1111-19

out to—a friend was coming, . . . was double parked, she went out to the road.

Now if this were a case where a car pulls up to a curb and you step out, then that might be something different.

But it was two steps . . . she could have walked down the driveway and ran out there, but she ran across the—the strip which is not designed for pedestrian traffic and I can see no basis to extend the sidewalk liability in this particular case. It does not meet the specific set of circumstances under the [Bedell] case. So I have to grant Magyar's motion, I've got to deny the City's motion . . . .

This appeal followed.

We review a trial court's grant of summary judgment de novo, under the same standard as the trial court. State v. Perini Corp., 221 N.J. 412, 425 (2015). Summary judgment is appropriate when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am. (Guardian Life Ins. Co.), 142 N.J. 520, 540 (1995)).

We consider two issues, whether Magyar owed a duty of care under these circumstances and whether there is a question of fact for the factfinder

4

about the cause of the accident. Plaintiff argues that Magyar, as a commercial landowner, owes a duty of care to her to make safe the grassy berm between the sidewalk and the curb, based on our holding in Bedell v. Saint Joseph's Carpenter Society, 367 N.J. Super. 515, 525-26 (App. Div. 2004), extending sidewalk liability to the grassy berm for commercial landowners.

Commercial landowners owe a duty to maintain sidewalks "in reasonably good condition" abutting the owner's property. Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 159 (1981). Apartment buildings are "'commercial' properties covered by the rule." Id. at 160 n.7. Commercial landowners have a duty to third parties to make safe a sidewalk abutting a property occupied and controlled by a single tenant. Vasquez v. Manson Realty Assocs., Inc., 280 N.J. Super. 234, 237-38 (App. Div. 1995). A lack of ownership does not negate a commercial landowner's duty over the sidewalk. Monaco v. Hartz Mountain Corp., 178 N.J. 401, 404 (2004). "Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993) (internal citations omitted).

A commercial landowner has a duty to maintain the grassy berm that exists between the sidewalk and the curb if it is to be "[c]onsidered more closely connected with the sidewalk than the roadway" and "it is reasonably anticipated . . . [that it] will be traversed by members of the public." Bedell, 367 N.J. Super. at 525-26. In Bedell, the plaintiff was injured on the grassy berm between the sidewalk and the roadway in front of a commercial property. Ibid. There, the grassy berm was "likely used by pedestrians as an immediate means of ingress and egress to the sidewalk." Id. at 524. The grassy berm was uninterrupted for the length of the defendant's property. Ibid.

In Bedell, we compared the grassy berm to a curb, and determined that it was more comparable to a "feature of the sidewalk," as it facilitated access thereto, and its purpose was not to "channel surface water from the road into storm drains or to serve as a barrier for cars to park against." Id. at 524. While the strip was "clearly designed primarily for ornamentation and aesthetics, the grassy strip [t]here [wa]s also likely used by pedestrians as an immediate means of ingress and egress to the sidewalk." Ibid. Concluding that the use was foreseeable, we stated: "Indeed, such a use would be necessitated by the fact that the strip is uninterrupted." Ibid. We therefore held that the commercial landowner had a "duty to maintain the grassy strip in

a reasonably safe condition so as not to present an unreasonable risk of harm." Id. at 525-26.

When we examine whether it is fair to extend commercial landowner duty here, we must identify, weigh, and balance four factors: "[1] the relationship of the parties, [2] the nature of the attendant risk, [3] the opportunity and ability to exercise care, and [4] the public interest in the proposed solution." Hopkins, 132 N.J. at 439. While there are differences between plaintiff's case and Bedell, the differences are insufficient to rule out defendant's duty over the grassy berm through the mechanism of summary judgment. Here, defendant controlled the property: he inspected the property every other month; cut the grass above the area in question every other week; and, as a tenant, utilized this area of the property to place garbage for trash removal services.

Magyar asserts it does not own the grassy berm area because the City has a "right of way" and that the ownership of the land is relevant to the duty assessment. Our Supreme Court in Monaco held that ownership is not dispositive of commercial landowner liability. 178 N.J. at 404. A public easement over an area—such as a sidewalk—does not eliminate liability over the area for commercial landowners. Stewart, 87 N.J. at 151-53. Therefore, it

A-1111-19

is not necessary for Magyar to hold title to the property to have a duty imposed here.

Moreover, the facts on the record support that Magyar may well hold title to the property. A "right of way" is not equivalent to ownership, but rather allows for passage "over, on, through or under lands," as opposed to a possessory right. Tewksbury Twp. v. Jersey Cent. Power & Light Co., 159 N.J. Super. 44, 49-50 (1978); see also N.J.S.A. 48:3-17.2. A presumption exists that, absent evidence to the contrary, title of a property abutting a public street extends to the middle of the street. See Brill v. E. N.J. Power Co., 111 N.J.L. 224, 225 (1933).

Here, the trial judge inquired about the ownership issue during oral argument, then concluded the City has a "right of way," but not necessarily possessory rights. Notwithstanding that finding, no evidence in the record indicates that Magyar is not the owner. Under Brill, the presumption is that the owner of property abutting the street owns title up to the middle of the street. Therefore, the presumption is that Magyar is the owner of the grassy berm, subject to the public right of way.

Hence, an unresolved factual issue question exists as to the dispositive factor for duty extension we recognized in Bedell. Here, the property is

alleged to have additional alternative options for pedestrian ingress and egress than in <u>Bedell</u>. The trial court must determine whether a duty stems from (1) whether and to what degree it is necessary for a pedestrian to use the grassy berm; or (2) the foreseeability of the grassy berm's use as ingress and egress by a pedestrian. If it is the former, then the level of necessity is lower here than in <u>Bedell</u>, where there were driveways available to be used for egress. If it is the latter, then the use appears foreseeable, and this becomes a question of the scope of maintaining the grassy berm in a "reasonably safe condition so as not to present an unreasonable risk of harm." <u>Bedell</u>, 367 N.J. Super. at 526. It is then for a "jury to determine whether a breach of that duty occurred." <u>Monaco</u>, 178 N.J. at 404.

We also conclude the trial court erred by granting summary judgment because there was a genuine issue of material fact as to the cause of plaintiff's fall. Plaintiff claims that "[a] reasonable fact[]finder could conclude that [d]efendant had constructive notice of the condition." For a summary judgment motion to succeed, there must not be a genuine, material fact in dispute. <u>FileNet Corp. v. Chubb Corp.</u>, 324 N.J. Super. 476, 493 (Law Div. 1997). A fact must be material in nature—that is, substantial in its outcome to the case, and not "fanciful, frivolous, gauzy or merely suspicious." <u>Guardian</u>

Life Ins. Co., 142 N.J. at 529 (internal citations omitted). An issue is not genuinely in dispute "[i]f there exists a single, unavoidable resolution of the alleged disputed issue of fact." Id. at 540.

The fact in dispute is the nature of the attendant risk, whether a condition of the grassy berm or the missing concrete or some combination of both, caused plaintiff to lose her balance and, subsequently, fall. Since the determination of that fact would have substantial bearing on the outcome of the case, it is a material fact. See Guardian Life Ins. Co., 142 N.J. at 529-40.

Defendant argues plaintiff has provided inconsistent explanations. A party cannot create a genuine dispute of material fact by providing conflicting testimony or evidence. Mosior v. Ins. Co. of N. Am., 193 N.J. Super. 190, 194-95 (App. Div. 1984).

Notably, in Mosior, we concluded there was no genuine issue of material fact because the plaintiff made inherently contradicting statements. By contrast, here, plaintiff has indicated that "an uneven . . . decline" in the grassy berm caused her to lose her balance, and that was the initial cause of the fall, with the lack of curb creating a subsequent cause. Defendant attempts to repackage plaintiff's allegations, ignoring the land condition that precipitated plaintiff's attempted use of the curb. Plaintiff's expert report does discuss "a

10 <span>A-1111-19</span>

6.5[-]inch depression," in addition to a "cross slope exceeding [eleven percent]." While this opinion is not in lockstep with plaintiff's deposition, it is not in direct conflict and would "permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Guardian Life Ins. Co., 142 N.J. at 523. Therefore, there appears to be a genuine issue of material fact in dispute as to what is the proximate cause of the injury.

Moreover, a commercial landowner does not breach a duty to make safe or warn of a defective condition if the owner or her agents do not have notice of the condition. Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984). A plaintiff may show that a landowner had constructive notice of a dangerous condition by showing that the condition existed for a period of time whereas "he should have known of its presence." Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964) (internal citations omitted).

Here, the plaintiff's expert report opines the alleged condition was caused by erosion. Notably, plaintiff's expert specified: "eroding of the soil over time." The trial judge found "that piece of curb's been gone for quite a while. It's obvious just by looking at the color picture." It would not be unreasonable for a factfinder to conclude, given all inferences in favor of the non-moving party, that if the curb caused the condition in the grassy berm

11

through erosion, and that the curb had been in such a state "for quite a while," that defendant had been on constructive notice.  Therefore, as the trial judge noted, "[there is] certainly an issue of fact of notice . . . in this case." Additionally, the record indicates that defendant conducted inspections of the property every other month and cut the grass on the property every other week—a reasonable factfinder could determine that defendant had ample time and opportunity to uncover the condition.

Based on our review, we conclude there remain at least two genuine issues of material fact in dispute: whether Magyar was on constructive notice; and the proximate cause of plaintiff's injury.

Accordingly, we reverse the trial court's decision and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1111-19