176 N.J. Super. 283 (1980)
422 A.2d 1047
NADIA MELENDEZ AND RUBEN BURGOS, ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF ESTATE OF ANTONIA BURGOS, PLAINTIFFS-RESPONDENTS, ADAMINA RIVERA, PLAINTIFF,
v.
HELENA RODDE, DEFENDANT-APPELLANT. JOHANN LECHNER, PLAINTIFF-RESPONDENT,
v.
HELENA RODDE, DEFENDANT-APPELLANT. JAMES McALLISTER, PLAINTIFF-RESPONDENT,
v.
HELENA RODDE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1980.
Decided October 15, 1980.
*285 Before Judges SEIDMAN, ANTELL and LANE.
Isaac Henkoff argued the cause for appellant Helena Rodde (Klein, Chester, Greenburg & Henkoff, attorneys; Isaac Henkoff on the brief).
Jeffrey M. Keiser argued the cause for respondents (Ballen, Keiser & Denker, attorneys; Mark S. Gertel on the brief).
PER CURIAM.
Following a trial on damages only of these consolidated personal injury, automobile liability cases, a jury returned unanimous verdicts:

 Nadia Melendez $150,000
 James McAllister 1,000
 Johann Lechner 30,000
 Estate of Antonia Burgos 50,000

Defendant moved for a new trial on the ground that the judge failed to instruct the jury to commence again its deliberations after replacing one of the jurors during deliberations. By opinion letter dated September 27, 1978 the trial judge held that the failure to charge the jury constituted error, citing State v. Miller, 76 N.J. 392 (1978), but that the error was incapable of producing an unjust result. Defendant further moved to set aside the verdicts in favor of the Estate of Antonia Burgos and Johann Lechner on the ground that they were excessive. These motions were denied. Defendant appeals from "the verdict on damages only rendered by the jury" and from the order denying the motion for a new trial.
In her brief on appeal defendant argues only that the substitution of an alternate juror with failure to instruct the jury that it must begin its deliberations anew was error and that the *286 verdict awarding $50,000 to the Estate of Antonia Burgos was grossly excessive and a manifest miscarriage of justice.
In State v. Trent, 79 N.J. 251 (1979), the trial judge did not instruct the jury to begin its deliberations anew after an alternate juror had been substituted. Although that issue had not been raised at trial or in the Appellate Division, the Supreme Court reversed the judgment of conviction on that ground. It referred with approval to People v. Collins, 17 Cal.3d 687, 131 Cal. Rptr. 782, 552 P.2d 742 (Sup.Ct. 1976).
We are aware of no case in New Jersey where the rule has been applied to civil verdicts. But see R. 1:8-2(d) which concludes:
When such a substitution of an alternate juror is made, the court shall instruct the jury to recommence deliberations and shall give the jury such other supplemental instructions as may be appropriate.
In Griesel v. Dart Industries, Inc., 23 Cal.3d 578, 153 Cal. Rptr. 213, 591 P.2d 503 (Sup.Ct. 1979), the court stated:
We agree with plaintiff that the principles set forth in Collins [People v. Collins, 17 Cal.3d 687, 131 Cal. Rptr. 782, 552 P.2d 742 (Sup.Ct. 1976)] apply to civil as well as criminal cases.
We agree with the reasoning of the court in Griesel v. Dart Industries, Inc., supra, and hold that the principle set forth in State v. Trent, supra, 79 N.J. 251, applies to civil cases. However, in a civil matter it is subject to R. 2:10-2. We agree with the trial judge that the error was not clearly capable of producing an unjust result. The verdicts were unanimous verdicts. Defendant does not complain of the verdicts in favor of Nadia Melendez and James McAllister. She does not argue on appeal the verdict in favor of Johann Lechner. The denial of the motion for a new trial on the ground of failure of the court to instruct the jury to recommence its deliberations at the time the alternate juror was appointed was harmless error.
The verdict in the amount of $50,000 in favor of the Estate of Antonia Burgos was for the pecuniary loss sustained by her *287 children Carmen and Ruben under the Death Act. The only testimony as to damages was given by decedent's daughter Carmen Burgos. At the time of her mother's death, the daughter was almost 14 years old. She was attending first-year high school in Brooklyn and living with her grandmother. Her brother Ruben was about 15 years old. The mother and brother had left Brooklyn and gone to live in Camden. Carmen could not tell the jury when that was prior to the accident. She testified that she would see her mother every week in Camden.
There was no proof before the jury of the age of the mother, her condition of health, her life expectancy or whether she was employed and contributing financially to the support of her children. There was no testimony as to what the conversations between mother and daughter were over the weekend and no testimony as to where the brother lived in Camden.
The verdict in a wrongful death action is to represent compensation for the pecuniary loss sustained by the survivors of those killed by wrongful act, neglect or default. Tenore v. Nu Car Carriers, 67 N.J. 466, 473 (1975). The amount of recovery is based upon a showing of contributions which decedent reasonably might have been expected to make to the survivors. Alfone v. Sarno, 168 N.J. Super. 315, 321 (App.Div. 1979). "... [M]inor children may recover the pecuniary value of the loss of care, guidance and advice of a parent during their minority." Id. at 322. There must, however, be proof from which a jury can convert the loss to financial terms. Here, it was left to the speculation of the jury just what contributions both financial and by way of guidance either of the two survivors received. The evidence could not support a verdict in the amount of $50,000.
Accordingly, we set aside the verdict in favor of the Estate of Antonia Burgos and remand the case to the trial court for a new trial as to damages. Jurisdiction is not retained.