**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2029-17T3

MARYJO CASTELLI,

 Plaintiff-Appellant,

v.

ANTHONY SOLLITTO and
MATILDE SOLLITTO,

 Defendants-Respondents.

_____

Argued December 12, 2018 – Decided  January 11, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8134-15.

Michael J. Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael J. Confusione, of counsel and on the brief).

John V. Mallon argued the cause for respondents (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Richard W. Fogarty, on the brief).

PER CURIAM

Plaintiff Maryjo Castelli appeals a jury verdict finding no cause for her negligence claim against defendants Anthony Sollitto and Matilde Sollitto for plaintiff's personal injuries arising from a slip and fall allegedly on defendants' property. We affirm.

## I.

Plaintiff filed a negligence complaint alleging she suffered personal injuries when she slipped and fell on ice on the walkway that led from the sidewalk to defendants' two-family home. The trial evidence showed defendants were plaintiff's landlords at the home: plaintiff leased the second floor and defendants resided on the first floor with their son, Anthony Sollitto, Jr. When plaintiff returned to the home at 11:00 p.m. on a cold February evening in 2014, she reportedly slipped on ice, fell and landed on a walkway near where it abutted the sidewalk in front of the home. The walkway extended in a perpendicular direction from the sidewalk, elevated three steps, and continued toward the front door of the home. Plaintiff sustained injuries and fractures to her right foot and leg. Soon after the fall, Anthony Sollitto, Jr., and another individual exited the home and assisted plaintiff.

There was conflicting testimony at trial concerning the presence and location of the ice plaintiff claimed caused her fall. Plaintiff asserted the ice

was on the walkway between the sidewalk and the stairs. Plaintiff's expert testified that the topography of the property and presence of retaining walls on the sides of the walkway caused water to accumulate on the walkway between the sidewalk and the walkway stairs. He also testified that the pooling water would freeze in that location when the temperature fell below freezing.

Anthony Sollitto, Jr., testified that the only ice he observed in the area where plaintiff fell was on the sidewalk and that there was no ice on the walkway. His father, defendant Anthony Sollitto, testified he lived at the home for thirty-three years, never observed water accumulating on the walkway between the sidewalk and stairs and did not see any ice in that area earlier in the evening of plaintiff's accident.

Prior to counsels' summations, the court discussed its proposed jury charge with counsel.[1] In pertinent part, the court's instructions included the

---

[1] The court noted that it had conducted an off-the-record charge conference with counsel and had provided counsel with a copy of its proposed jury charge. The court summarized the off-the-record discussions and allowed counsel to place any arguments concerning the charge on the record. We do not endorse off-the-record jury charge conferences because the Rules require they be on the record, see R. 1:8-7(a), and off-the-record conferences generally do not permit proper appellate review, see Drake v. Human Servs. Dep't, 186 N.J. Super. 532, 537 (App. Div. 1982) (noting the Appellate Division usually does not consider matter not contained in the record below). In any event, the court's off-the-record conference is of no moment here because it is undisputed the parties

model jury instructions on negligence and foreseeability,[2] as well as the instructions on the duty of an owner of a multi-family house to tenants and others and liability for defects in public streets and sidewalks.[3]

Plaintiff requested an instruction that defendants' alleged violation of a municipal ordinance requiring repair of hazardous conditions on their property could be considered in determining defendants' negligence. Defendants objected to the charge, and plaintiff's counsel agreed the instruction should not be included. The trial judge also noted she could not include the charge because

reviewed and consented to the jury charge the court utilized to instruct the jury, and were permitted to place their positions concerning the charge on the record. In addition, the parties agree there was no objection to the jury charge and that we review the charge for plain error. R. 2:10-2.

[2] The court instructed the jury in accordance with Model Jury Charges (Civil), 5.10A, "Negligence And Ordinary Care − General" (approved before 1984), and Model Jury Charges (Civil), 5.10B, "Foreseeability (As Affecting Negligence)" (approved before 1984).

[3] The court instructed the jury in accordance with Model Jury Charges (Civil), 5.20D, "Duty Of Owner Of Multi-Family House To Tenants And Others" (approved May 1997), and Model Jury Charges (Civil), 5.20B, "Liability For Defects In Public Streets And Sidewalks" (approved Nov. 1999), respectively.

our Supreme Court's decision in Luchejko v. City of Hoboken, 207 N.J. 191 (2011), dispensed with the issue.[4]

Following the summations of counsel, the court instructed the jury in accordance with its proposed charge. The court also discussed the schedule and directed that the jury "go in the jury room and talk about how you want to approach this. Okay? If you all can stay, and you want to get started, and you want to be willing to stay later, we will stay as long as you want to stay." The judge noted that the jurors had been previously told the court day would end at 4:30 p.m. The court instructed that the jury "should spend . . . a few minutes figuring out what [they] want to do in terms of schedule and then we'll be waiting to hear from you. You can . . . ring the buzzer to tell us what time you want to stay til." The jury next advised the court that a juror had to leave at 4:30 p.m. and that it requested to break for the day.

One of the jurors, who could not return the following day, was dismissed without objection. The court dismissed the remaining seven jurors for the day. The court instructed the remaining jurors not to "deliberate until you're all back together."

---

[4] In Luchejko, the Court reaffirmed that a third party has no private cause of action against a homeowner for breach of duties imposed by a municipal ordinance. 207 N.J. at 200-01.

A-2029-17T3

The remaining jurors returned the following day. The judge noted that when the issue of scheduling had been addressed the previous day, she had not gone "through the formality of having [the jury] write anything out," because she and the jury "talked about [the scheduling issue] together on the record." The judge, however, explained that if the jury needed to discuss any issues with the court during its deliberations it "does have to write it out and that's so . . . we have a clear record of what is asked and what's answered." The jury later sent a note asking "how many votes" it needed for a verdict, and the court explained that because a juror had been excused, the jury's verdict must be by a vote of six to one.

The jury continued its deliberations and returned a verdict finding plaintiff failed to prove by a preponderance of the evidence that either defendant was negligent. The court subsequently entered a final judgment in defendants' favor dismissing the complaint. This appeal followed.

## II.

Plaintiff contends the trial court erred by charging the jury on liability for injuries caused by defects in a sidewalk abutting residential property and by failing to charge the jury on liability based on an alleged violation of a municipal ordinance. Plaintiff also contends the court erred when it did not order that the

6

jury begin its deliberations anew after excusing a juror. Having reviewed the record in light of the applicable law, we find plaintiff's claims, each of which is raised for the first time on appeal, are bereft of merit.

Proper jury charges are essential to a fair trial, Reynolds v. Gonzalez, 172 N.J. 266, 288 (2002), and the failure to provide clear and correct jury charges may constitute plain error, Das v. Thani, 171 N.J. 518, 527 (2002). Indeed, "[e]rroneous instructions are poor candidates for rehabilitation as harmless, and are ordinarily presumed to be reversible error." State v. Afanador, 151 N.J. 41, 54 (1997). However, generally, we "will not disturb a jury's verdict based on a trial court's instructional error 'where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect.'" Wade v. Kessler Inst., 172 N.J. 327, 341 (2002) (quoting Fischer v. Canario, 143 N.J. 235, 254 (1996)).

Here, we find no error in the court's decision to instruct the jury on the principles of liability of a residential homeowner for hazardous conditions on an abutting sidewalk. Plaintiff's contention the instruction should not have been given because there is no evidence that the ice that caused her fall was on the sidewalk is belied by the record. Anthony Sollitto, Jr.,'s testimony that the only ice in the area where plaintiff fell was located on the sidewalk provided ample evidence supporting

the court's charge to the jury. See Walker v. Costco Wholesale Warehouse, 445 N.J. Super. 111, 120 (App. Div. 2016) ("In civil matters, the trial court should give an instruction that appropriately guides the jury on the legal basis of a plaintiff's claim or a defendant's affirmative defense, so long as there is a reasonable factual basis in the evidence to support that claim or defense.").

We are also unpersuaded by plaintiff's contention that the court erred by giving the residential sidewalk liability charge because defendants' property is not residential. Where there is a "hybrid use [of property,] when the owner's occupancy, in terms of time or space, is greater than or equal to the rental occupancy, the property shall be considered residential regardless of whether the rental space generates a profit." Wasserman v. W.R. Grace & Co., 281 N.J. Super. 34, 39 (App. Div. 1995). Under circumstances identical to those presented here, in Smith v. Young, we held that a two-floor, owner-occupied, two-family home was "distinctly residential" for purposes of sidewalk liability. 300 N.J. Super. 82, 97-98 (App. Div. 1997). We concluded that "[t]he property at issue here, being an owner-occupied, two-family home is clearly within the exempted category, absolving the owners from the duty to maintain abutting sidewalks under currently prevailing standards." Id. at 100; see also Grijalba v. Floro, 431 N.J. Super. 57, 69, 71 (App. Div. 2013) (noting that "owner-occupied

two-family homes" are "usually deemed residential" while reasoning two-to-three-family owner-occupied homes are a "gray area" subject to "a case-by-case, fact-sensitive" analysis).

Here, the undisputed evidence showed defendants' property included a two-family home in which they resided on the first floor and plaintiff leased the second. Thus, contrary to plaintiff's assertion, there was sufficient evidence supporting the court's instruction on residential homeowners' liability for hazardous conditions existing on a sidewalk abutting their property. See generally, Walker, 445 N.J. Super. at 120.

The court also did not err by failing to expressly explain that the jury's application of the law on residential sidewalk liability was conditioned on a determination that the ice that caused plaintiff's fall was located on the sidewalk. Plaintiff did not object to the instruction which lacked the specificity she now claims was required, and we thus can presume she perceived that its omission did not result in any prejudice. See, e.g., State v. Singleton, 211 N.J. 157, 182 (2012) (finding "there is a presumption that [a] charge was not [in] error and was unlikely to prejudice the defendant's case" where there was no objection to the charge). Moreover, the plain language of the charge otherwise makes clear that the principles of residential sidewalk liability apply only if the alleged

9

hazardous condition exists on the sidewalk. We therefore discern no error in the court's charge, let alone plain error.

Although plaintiff withdrew her request that the court include an instruction on liability based on a violation of a municipal ordinance and acquiesced to the court's decision not to include the instruction, she argues the court's decision not to include the instruction constitutes plain error. The argument is without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), other than to note that the trial judge correctly determined the Court's decision in Luchejko required rejection of plaintiff's initial request for the charge. See Luchejko, 207 N.J. at 200-01.

Plaintiff last argues that the court committed plain error by failing to instruct the remaining jurors to deliberate anew following its dismissal of one of the original jurors. Plaintiff contends the court violated Rule 1:8-2(d)(1), which governs juror substitutions and provides that where "a substitution of an alternate juror is made, the court shall instruct the jury to recommence deliberations and shall give the jury such other supplemental instructions as may be appropriate." Plaintiff did not object to the court's directions to the jury following the dismissal of the juror and, therefore, we review the issue under the plain error standard. R. 2:10-2; Cf. Melendez v. Rodde, 176 N.J. Super. 283,

286 (App. Div. 1980) (holding that a trial court's failure to grant a new trial motion founded on the court's failure to instruct the jury to recommence deliberations after a juror substitution constituted harmless error).

We find no error in the court's instructions to the jury following the removal of the juror. There is no evidence the jury began its deliberations prior to the juror being excused. To the contrary, the jury was sent to the jury room for the express purpose of determining its schedule for the deliberations and, after being afforded an opportunity to confer on that issue, advised the court it wanted to be dismissed for the day. It was at that time the juror was excused, and the court appropriately instructed the remaining jurors to return the following day for its deliberations. There was no need for the court to advise the jury to recommence its deliberations when it returned after the juror was excused because the jury had not begun its deliberations in the first instance. See State v. Miller, 76 N.J. 392, 429 (1978) ("Until the jury retires to deliberate on its verdict, if there is good cause to excuse a juror, no statute or rule of law is violated, nor is there any conceivable prejudice to a defendant or the State.").

We have carefully considered each of plaintiff's contentions. To the extent we have not expressly addressed an argument, we have determined it is

without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2029-17T3